# EXHIBIT A

JUSTICE O. OJO (SBN 321723)
LAW OFFICES OF JUSTICE OJO
1999 Harrison Street Suite 1800
Oakland, CA 94623
Telephone: (510) 496-4592
Fax: (510) 496-4601
E-mail: justice.ojo@justiceojolaw.com

Attorney for Plaintiff,
ALIA CORTEZ-BRIDGES



2020 SEP 22 A 9: 59



SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF CONTRA COSTA

| | |
|---|---|
| ALIA CORTEZ-BRIDGES,<br><br>               Plaintiff,<br>v.<br><br><br><br><br><br>DE LA SALLE ACADEMY, INC.,<br><br><br><br><br>               Defendant. | CASE NO.: C20-01931<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES<br><br>1. HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII;<br>2. DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF TITLE VII;<br>3. RETALIATION IN VIOLATION OF TITLE VII;<br>4. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ;<br>5. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY ;<br>6. BREACH OF CONTRACT;<br><br>PUNITIVE DAMAGES<br>DEMAND FOR JURY TRIAL<br>UNLIMITED JURISDICTION<br>Signatures by Fax |

**PLAINTIFF ALIA CORTEZ-BRIDGES,** complains and for causes of action against the Defendants and each of them, alleges as follows:

PER LOCAL RULE, THIS CASE IS ASSIGNED TO DEPT 21, FOR ALL PURPOSES.

## JURISDICTION

SUMMONS ISSUED

PLAINTIFF'S COMPLAINT FOR DAMAGES - 1

SAME DAY LEGAL
610 COURT ST., SUITE 101
MARTINEZ, CA 94553

This court is the proper court, and this action is properly filed in Contra Costa County, because Defendants' obligations and liability arise therein, because Defendant maintains offices and transacts business within Conta Costa County, the tortious conduct occurred therein, and because the work that is subjet of this action was performed by Plaintiff in Contra Costa County.

## PARTIES

1. Plaintiff ALIA CORTEZ-BRIDGES is an individual and at all times relevant to this action, resided in Contra Costa County, California.
2. Defendant De La Salle Academy, Inc. ("DLSA") is a California corporation with its principal place of business in Concord, California.
3. Plaintiff is informed and believes, and thereon alleges, that Defendant DLSA, is a California Corporation.
4. At all times herein, Defendant DLSA was Plaintiff's employer within the meaning of 42 U.S.C. § 2000e-2(a).
5. At all times herein, Defendant DLSA was Plaintiff's employer within the meaning of the Labor Code.
6. Plaintiff is informed and believes, and based thereupon alleges, that at all material times, each of the Defendants was the agent and/or employee of DLSA, and each of them was at all material times acting within the purpose and scope of such agency and employment.
7. Plaintiff timely filed charges against the Defendants with the Equal Employment Opportunity Commission ("EEOC) and received a "Right to Sue" notice as the named Defendant. All conditions precedent to jurisdiction, have been complied with.

## FACTUAL BACKGROUND

8. DLSA was incorporated in 2019.
9. DLSA operates an all-boys, private school with an enrollment of approximately sixty-five students.
10. ALIA CORTEZ-BRIDGES was employed by DLSA beginning in July 2019 as a social studies teacher.
11. ALIA CORTEZ-BRIDGES is a woman of Black and Mexican descent.
12. ALIA CORTEZ-BRIDGES is one of two African Americans at DLSA.

PLAINTIFF'S COMPLAINT FOR DAMAGES - 2

13. Chris Giangregorio is the Principal of DLSA and ALIA CORTEZ-BRIDGES' supervisor.

14. Conan Graham is the Vice Principal and only other administrator at DLSA.

15. Alicia Alexander is the Director of Operations at DLSA.

16. Alexander's role involves being responsible for human resource functions for the school.

17. Andy Ligeti is the Sustainability Coordinator for the school.

18. The school is overseen by a six-member Board of Trustees.

19. In her tenure as a teacher for DLSA, ALIA CORTEZ-BRIDGES received only positive feedback regarding her teaching performance.

20. ALIA CORTEZ-BRIDGES was never given negative feedback about her performance in the classroom.

21. On around September 2, 2019, while walking down the hall, ALIA CORTEZ-BRIDGES was stopped by Ligeti. After a brief conversation, Ligeti, without notice, cause, or invitation, placed his hand in the middle of her back and slowly slid his hand downward, resting upon of her buttocks.

22. ALIA CORTEZ-BRIDGES immediately objected to being sexually violated by Ligeti in this manner.

23. ALIA CORTEZ-BRIDGES promptly reported this incident to Giangregorio and Graham. Graham dismissed the concern by speculating that Ligeti probably has Asperger's Syndrome and his conduct should be ignored. Giangregorio wished to downplay the incident and instead wanted to wait to take any action.

24. Upon information and belief, Ligeti was never reprimanded or even counseled regarding the incident. The administrators never followed up with ALIA CORTEZ-BRIDGES.

25. On or about October 3, 2019, Ligeti again availed himself of an opportunity to touch ALIA CORTEZ-BRIDGES.

26. Ligeti cornered ALIA CORTEZ-BRIDGES and demanded she touch his hands. He wanted her to know how cold they were. ALIA CORTEZ-BRIDGES objected, told him she was uncomfortable, and retreated to the company of other colleagues.

27. Later that day, the staff received business cards. ALIA CORTEZ-BRIDGES noted that her name had been misspelled on the cards.

PLAINTIFF'S COMPLAINT FOR DAMAGES - 3

28. Ligeti approached ALIA CORTEZ-BRIDGES and told her that the cards were wrong because she would not touch him when he asked.

29. ALIA CORTEZ-BRIDGES reported this incident to Alexander, who advised her to document it.

30. Upon information and belief, no investigation was carried out and Ligeti was not counseled or disciplined.

31. Neither Alexander nor anyone else from the school followed up with ALIA CORTEZ-BRIDGES.

32. Ligeti continued making inappropriate comments to ALIA CORTEZ-BRIDGES whenever she was unable to avoid him.

33. On the evening of October 17, 2019, in a text discussion about mundane meetings, Giangregorio sent a text message to ALIA CORTEZ-BRIDGES that included a "live picture", which is akin to a brief video.

34. The live picture Giangregorio sent showed his plaid boxer shorts, which were propped up by an erect penis.

35. ALIA CORTEZ-BRIDGES felt that he was propositioning her and was extremely distressed.

36. ALIA CORTEZ-BRIDGES was concerned that she could not report the incident because she would lose her job. She documented it privately and retained the photo.

37. On January 17, 2020, the school held a professional development day.

38. During the course of the professional development, it was noted that at least one parent was struggling to support her Latino son in his schoolwork.

39. ALIA CORTEZ-BRIDGES suggested that a support group for Latinx parents would help parents learn from each other on how to best support their children.

40. ALIA CORTEZ-BRIDGES supported her suggestion by explaining that her mother is involved in a similar group where she teaches.

41. Her suggestion was met with derision. Graham, after being told that the predominantly poor and minority school families might need help, aggressively and dismissively asked, "What's the problem?!"

42. ALIA CORTEZ-BRIDGES was troubled by the response and felt that her concerns as a Latinx woman were being discounted on that basis.

PLAINTIFF'S COMPLAINT FOR DAMAGES - 4

43. Twelve days later, on January 29, 2020, ALIA CORTEZ-BRIDGES was summoned to a meeting with Giangregorio (who was present on January 17, 2020) and Alexander (who was not).

44. Giangregorio stated that he was concerned that ALIA CORTEZ-BRIDGES had been the aggressor in the discussion about the support group and stated that she had acted unprofessionally in handling it.

45. ALIA CORTEZ-BRIDGES protested that she had acted professionally, and she perceived that the school treated employees differently on the basis of the race.

46. Alexander told ALIA CORTEZ-BRIDGES that ALIA CORTEZ-BRIDGES simply could not be her authentic self at work. Alexander continued that in her career, she herself had never been able to be herself and suggested that ALIA CORTEZ-BRIDGES simply learn to conform with school culture and toe the line.

47. ALIA CORTEZ-BRIDGES broke down into tears at this meeting when told not to be herself. She understood this to mean that she was not to be her authentic Black self.

48. At the conclusion of the meeting, ALIA CORTEZ-BRIDGES was put on leave from her employment until February 3, 2020.

49. That evening, Giangregorio sent several emails asking ALIA CORTEZ-BRIDGES to attend another meeting the following morning. Uncomfortable about the way she was treated earlier that day, and in being alone with Giangregorio, she asked that a third party be present to document the meeting. Giangregorio refused to allow anyone else to attend on ALIA CORTEZ-BRIDGES's behalf to observe. The meeting did not occur.

50. On or about February 3, Giangregorio offered ALIA CORTEZ-BRIDGES a return to work on several conditions, including that she not refer to race, ethnicity, or gender unless it was the explicit focus of a meeting or activity.

51. Such a condition would force ALIA CORTEZ-BRIDGES to sign away her right to engage in protected activity.

52. ALIA CORTEZ-BRIDGES then met with Trustee Mike Daniels and expressed her concerns about the climate at DLSA and her mistreatment.

PLAINTIFF'S COMPLAINT FOR DAMAGES - 5

53. Soon thereafter, DLSA offered ALIA CORTEZ-BRIDGES a severance package if she would resign and release her claims. She refused.

54. On March 13, 2020, ALIA CORTEZ-BRIDGES was fired by letter from Giangregorio.

55. Among the bases for termination, the written notice signed by Giangregorio notes, "you made accusations that the school treats people differently because of their race and color."

56. The conduct of DLSA and its employees has caused ALIA CORTEZ-BRIDGES emotional distress.

57. In other words, DLSA was relying upon ALIA CORTEZ-BRIDGES's complaint of discrimination to terminate her employment.

### FIRST CAUSE OF ACTION

### HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

58. Paragraphs 1-57 are incorporated into this Count I of the Complaint.

59. In this case, Plaintiff is alleging that while employed at DLSA, she was sexually harassed in violation of 42 U.S.C § 2000e-2(a)(1). Plaintiff claims that she was subjected to sexual harassment by Ligetti and Giangregorio. Plaintiff was subjected to groping and inappropriate comments by Ligetti. Plaintiff was further subjected to a disgusting video proposition from Giangregorio. Their conduct was not welcomed by Plaintiff. The conduct of Ligeti was severe and pervasive both through the totality of the circumstances and through his sexual touching of ALIA CORTEZ-BRIDGES's buttocks itself.

60. The conduct of Giangregorio was severe and pervasive in that he sent a sexually graphic image to a subordinate.

61. The conduct of the Defendant's agents in isolation and in totality altered the terms and conditions of ALIA CORTEZ-BRIDGES's employment.

62. The conduct of the Defendant's agents in isolation and in totality was harassing on account of ALIA CORTEZ-BRIDGES's sex.

### SECOND CAUSE OF ACTION

### DISCRIMINATION IN VIOLATION OF TITLE VII

PLAINTIFF'S COMPLAINT FOR DAMAGES - 6

63. Paragraphs 1-62 are incorporated into this Count II of the Complaint.

64. In this case, Plaintiff is alleging that DLSA discriminated against her on account of her race in violation of 42 U.S.C § 2000e-2(a)(1).

65. Plaintiff claims that she was subjected to discriminatory racial remarks as well as termination on account of her race. On or about October 29, 2019, while discussing parent teacher conferences, ALIA CORTEZ-BRIDGES told Graham that she had learned that someone on staff have used the n-word. This surprised ALIA CORTEZ-BRIDGES.

66. Graham laughed it off and said it was probably him that used it.

67. Graham then continued to use the word in the conversation with ALIA CORTEZ-BRIDGES as if its use was not an issue.

68. ALIA CORTEZ-BRIDGES's voice was silenced on account of her race. She was told to not be Black and to conform in ways her non-Black colleagues were not required to.

69. ALIA CORTEZ-BRIDGES was then suspended for speaking out on behalf of students and their families and suggesting ways to assist them. She was perceived as a stereotypical angry Black woman and silenced.

70. The termination as well as the persistent use of racial slurs was motivated by the fact that Plaintiff is a black woman.

71. ALIA CORTEZ-BRIDGES was treated differently on account of her race. She was suspended and ultimately terminated for conduct that has not, and would not, lead to such action against non-Black peers.

## THIRD CAUSE OF ACTION
## RETALIATION IN VIOLATON OF TITLE VII

72. Paragraphs 1-71 are incorporated into this Count III of the Complaint.

73. Defendant, including its agents, employees and representatives are subject to suit under 42 U.S.C. 2000e-(3)(a). ALIA CORTEZ-BRIDGES engaged in protected activity when she complained that the school treated staff differently on account of their race.

PLAINTIFF'S COMPLAINT FOR DAMAGES - 7

74. ALIA CORTEZ-BRIDGES was never permitted back in the classroom after making this complaint.

75. In retaliation therefore, ALIA CORTEZ-BRIDGES was suspended and terminated within six weeks of making this complaint.

76. ALIA CORTEZ-BRIDGES's termination was motivated by her complaint that the school treated staff differently on account of their race.

77. In engaging in the aforementioned conduct, Defendant aided, abetted, incited, compelled and/or coerced unlawful employment practices in violation of well-known policies of this state. Specifically, Defendant violated 42 U.S.C § 2000e(3)(a).

78. As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefit in an amount according to proof.

79. As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress.

80. The acts and conduct of Defendant, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California Civil Code § 3294 (c )), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by Defendant, with a willful and conscious disregard of the rights of Plaintiff.

81. The acts of Defendant were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of Civil Code § 3294.

82. The actions and conduct of Defendant, was intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendant, with the intention to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

83. Plaintiff will also seek and is entitled to recover attorneys' fees in connection with this cause of action.

**FOURTH CAUSE OF ACTION**

PLAINTIFF'S COMPLAINT FOR DAMAGES - 8

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

84. Paragraphs 1-83 are incorporated into this Count IV of the Complaint.

85. A person is liable for negligent infliction of emotional distress if his or her conduct is outrageous, the person either knew or should have known their failure to act would, or the person failed to act causing another emotional distress or acted with reckless disregard for the probability that the other person would suffer emotional distress, and the conduct was a substantial factor in causing the emotional distress.

86. As alleged herein, defendant engaged in extreme outrageous conduct against Plaintiff, including but not limited to discrimination, harassment, and retaliating against Plaintiff in response to her efforts to stop their outrageous, improper, and illegal conduct.

87. Defendant acted in reckless disregard of the probability of causing, emotional distress to Plaintiff.

88. Defendants' conduct proximately caused Plaintiff severe emotional suffering and distress.

89. The damage allegations of Paragraph above, inclusive, are herein incorporated by reference.

90. The foregoing conduct of defendants individually, or by and through their managing agents, was intended by the defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights and civil rights, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of defendants.

## FIFTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

91. Plaintiff incorporates, by reference, all the foregoing paragraphs of this Complaint, as though fully set herein.

92. At all relevant times mentioned in this complaint, Title VII was in full force and effect and was binding on Defendants. This law requires Defendants to refrain, among other things, from discriminating against any employee on the basis of engagement in protected activities, reporting sexual harassment and from retaliating against any employee who engages in protected activity.

PLAINTIFF'S COMPLAINT FOR DAMAGES - 9

93. At all times mentioned in this complaint, Article I, Section 8 of the California Constitution was in full force and effect and binding on Defendants. This law requires Defendants to refrain from disqualifying a person from pursuing employment on the basis sex.

94. At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of engagement in protected activities, reporting maltreatment on the basis of sex and race.

95. Plaintiff believes and thereon alleges that her engagement in protected activity, race and reporting harassment of a sexual nature and/or some combination thereof were factors in Defendants' conduct as alleged herein above.

96. Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of engagement in protected activities, reporting and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

97. The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above. Defendants violated these laws by discriminating and retaliating against Plaintiff and terminating her employment in retaliation for exercise of protected rights.

98. At all relevant times mentioned in this complaint, Labor Code §§923, 6310, and 6400, et were in full force and effect and were binding on Defendants.

99. Labor Code §6310 declares, in pertinent part, that no person shall discharge, or in any manner discriminate against an employee because the employee has made any oral or written complaint to her employer with reference to employee safety or health. The public policy underlying Labor Code §6310 is not merely to aid the reporting of actual safety violations; it is to prevent retaliation against those who in good faith report working conditions they believe to be unsafe.

PLAINTIFF'S COMPLAINT FOR DAMAGES - 10

100. Labor Code §§6400, et seq., require that every employer shall furnish employment and a place of employment that is safe and healthful for employees.

101. When read together, the foregoing statutes establish a fundamental public policy of the State of California requiring employers to provide a safe and secure workplace, including a requirement that an employer take reasonable steps to address credible threats of violence in the workplace.

102. Plaintiff believes and thereon alleges that her complaints regarding the safety and health of the place of employment furnished by Defendants were factors in Defendants' decision to retaliate against Plaintiff by refusing to investigate Plaintiff's complaints of harassment and discrimination, by failing to prevent harassment and discrimination, defaming Plaintiff and by terminating Plaintiff, as alleged hereinabove.

103. Such discrimination and retaliation against Plaintiff who, in good faith, reported working conditions she believed to be unsafe were a proximate cause in Plaintiff's damages as stated below.

104. The above said acts of Defendants constitute violations of the Labor Code, the Penal Code, the Government Code, and the public policy of the State of California embodied therein as set forth above. Defendants violated these laws by retaliating against Plaintiff and terminating her employment in retaliation for exercise of protected rights.

105. The damage allegations of Paragraphs above, inclusive, are herein incorporated by reference.

106. The foregoing conduct of Defendant individually, or by and through their managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling

PLAINTIFF'S COMPLAINT FOR DAMAGES - 11

Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

## SIXTH CAUSE OF ACTION

## BREACH OF CONTRACT

107. Paragraphs 1-106 are incorporated into this Sixth Cause of Action of the Complaint.

108. Plaintiff's employment was governed by a contract for employment.

109. DLSA promised by words or conduct to employment for at least one year, ending in June 2020.

110. Plaintiff substantially performed her job duties.

111. DLSA terminated Plaintiff's employment without lawful cause and in violation of the terms of the employment contract.

112. Plaintiff was harmed by the unlawful termination of her employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgement as follows:

a. Compensatory Damages, according to proof at trial.

b. Punitive Damages, according to proof at trial.

c. Reasonable Attorney's fees.

d. Any and all relief available under the law.

DATED: September 22, 2020

BY: _____

Justice O. Ojo, Esq.
Attorney for Plaintiff Alia Cortez-Bridges

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable

PLAINTIFF'S COMPLAINT FOR DAMAGES - 12

DATED: September 22, 2020

BY: _____
Justice O. Ojo, Esq.
Attorney for Plaintiff Alia Cortez-Bridges